**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALONZO AGEE**                                                      **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 1:11cv31-HSO-JMR**

**KENNETH BROADUS & MIKE BYRD**                      **DEFENDANTS**
_____

## REPORT & RECOMMENDATIONS

This matter comes before the Court pursuant to Defendants' Motion [29] for Summary Judgment and Memorandum [30] in Support thereof filed October 13, 2011. Plaintiff Agee filed a Response [35] on December 29, 2011. Having considered the Defendants' motion and memorandum in support thereof and the Plaintiff's response along with the entire record and applicable law, this Court finds that the motion is well-taken. The Court recommends that the Motion [29] for Summary Judgment should be granted and the complaint dismissed.

### STATEMENT OF THE CASE

On November 4, 2010, Plaintiff Agee pleaded guilty Felony Shoplifting and was sentenced to four years imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"). According to the sentencing parameters, Agee was to remain in the Jackson County Adult Detention Center ("JCADC") until the completion of a Harrison County, Mississippi sentence in another matter at which point he was to spend the remainder of the four-year sentence on post-release supervision. Agee was released from the JCADC on January 25, 2011, and is now serving his sentence on post-release supervision.

Agees cause of action arises from events that took place on January 7, 2011. That day, the Defendants, in their capacity as prison officials, decided that because of gang-related violent

behavior in dayroom O-E, a shakedown was necessary to check for weapons and contraband. The Commander of the Emergency Services Unit was contacted and directed to prepare a unit and devise a plan for the search of the dayroom. The captain decided to use a "flash bang," a pyrotechnic distraction device, to distract the inmates and allow for a quick and unimpeded entry into the dayroom.

To begin the search, the captain deployed the flash bang into the dayroom and after it detonated, the unit entered the dayroom and began the search. However, before its detonation, the flash bang rolled under a bed upon which Agee was sleeping. When the device finally detonated, the resulting shock injured Agee and he was taken to a local hospital for evaluation. At the hospital, Agee was diagnosed with a rib contusion and given medication to treat the pain and discomfort that accompanies bruising of the ribs.

In his complaint, Agee seeks redress for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights caused by both Defendants for their "deliberate indifference to the hiring, lack of training and supervision of jail officials who committed the assault and battery . . . ." Amend Comp. [16] 3. Though Agee asserts that his claims are against the Defendants in their individual capacities, he also states that the Defendants have "direct control over the operations fo the Jackson County Jail, its deputies and jailers, and is responsible for enforcing the regulations of the [jail] and insuring that deputies . . . and its jail administrators obey the laws of Mississippi and the United States of America." Amend. Complaint [16] 2. Thus, the Court will construe his causes of action against the defendants in both their individual and official capacities.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, § 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981).

A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985). It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers.

*Monell v. Dep't of Soc. Services* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. 436 U.S. 658, 694 (1978); *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). Accordingly, a suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell*, 436 U.S. at 694. These three elements are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level

employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition to proving the policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right, a plaintiff must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).

## ANALYSIS

### Fifth Amendment Claims

Agee makes claims against the Defendants for the violation of his Fifth Amendment Due Process rights. However, the Fifth Amendment's Due Process guarantee is applicable only to federal actors, and the Defendants are not federal authorities. Therefore, Agee's Fifth Amendment claims should be dismissed. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1994) (citing *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir.1995)).

### First and Fourteenth Amendment Claims

The Government argues that the First and Fourteenth Amendment claims must fail because

Agee fails to plead with any specificity the facts underlying these claims. The government is correct in its contention that § 1983 liability cannot rest on conclusory allegations alone; a properly plead complaint must include "specific facts and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

After a review of Agee's initial complaint, his amended complaint, and response to the Defendants' motion, the Court finds the record devoid of any facts, actions, or well-plead allegations that Agee's right to privacy under the First Amendment has been violated. The record is also devoid of any facts, actions, or well-plead allegations that either of the Fourteenth Amendment's guarantees of equal protection or due process were violated by the Defendants in either their individual or official capacities. Furthermore, because Agee indicates in his complaint that when the violations occurred he was a post-trial detainee, his protections derive from the Eighth Amendment rather than the Fourteenth.

Agee must plead more than conclusory allegations and state the specific facts liking the actions of the Defendants to the violation of the rights included in his complaint. Agee neither states how the Defendants violated any of those rights themselves by their actions surrounding the shakedown, or how a municipal policy caused the deprivation of those rights. As such, these "[b]are bones allegations are insufficient to withstand summary judgment."*Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986).

### Eighth Amendment Claims - Individual Capacity

Agee claims that the Defendants' "deliberate indifference to the hiring, lack of training, and supervision of jail officials" led to his injuries sustained in the shakedown in violation of the Eighth Amendment ban on cruel and unusual punishment. Amend. Complaint [16] 3. To support his claim, he asserts that the Defendants knew the flash-bang was dangerous and because of their failure to

train law enforcement officials or supervise them, the agents dropped the device on the concrete floor allowing the device to roll under his bed. This, Agee argues, constitutes a malicious act that is cruel and unusual punishment. Response [35] 2.

To establish individual liability of a supervisor for failure to train, a plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381-82 (5th Cir. 2005). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). Proof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is "obvious and obviously likely to result in a constitutional violation." *Estate of Davis*, 406 F.3d at 381 (citations omitted). Ultimately, for a supervisor to be liable for failure to train, "the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir.1998) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989)).

Agee has failed to present a scintilla of proof about any aspect of any training program, hiring processes, or supervisory practices followed or implemented by the Defendants at the JCADC. Agee relies instead on an inference: because the flash bomb device rolled under his bed and injured him, the hiring, training, and supervising of jail employees must have been deficient and deliberately indifferent to Agee's constitutional protections. For a claim to survive summary judgment, facts concerning the adequacy of the training program must be presented, mere inferences are not enough. As a result, Agee fails the first prong of this Circuit's failure to train and supervise

test.

However, even if Agee can be said to have produced sufficient facts to overcome summary judgment on the first prong, he also fails the third. As the Fifth Circuit has repeatedly cautioned, failure to train and supervise claims must be supported by facts of a pattern of similar violations. *See Id.* at 381-82 ("We have stressed that a single incident is usually insufficient to demonstrate deliberate indifference.") Agee again has presented no facts demonstrating a pattern of past, similar violations, therefore his claim against the Defendant's in their individual capacities should not survive.

### Eighth Amendment Claims - Official Capacity

It was recently noted by a Fifth Circuit panel that the elements necessary to establish individual liability for failure to train and supervise are identical to those necessary to establish official capacity liability. However, the "question implied by this coincidence"-whether municipal liability, or the lack thereof, is determined by a Court's finding with respect to the supervisor's individual personal liability-remains to be answered. *Smith v. Packnett*, 339 Fed. Appx. 389, 393 n1 (5th Cir. 2009). Therefore, the Court will proceed to Agee's official capacity claims.

Again, Agee's claims falter with lack of proof. Agee has not submitted any facts tending to prove that a policy or custom "that allowed exploding devices to be dropped upon cement floors in the vicinity of inmates." Response [35] 2. Further, there is no pattern of past incidents involving the misuse of flash-bang devices necessary to support a finding of deliberate indifference on behalf of the Defendants. These elements must be proven with specific, concrete facts, for a supervisor cannot be held liable under a theory of *respondeat superior* for any negligent acts of his employees in a § 1983 claim. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.1992). All this Court has before it in the record are conclusory allegations, and such a foundation cannot maintain a claim past

summary judgment.

## CONCLUSION

Pursuant to the foregoing analysis, this Court finds that the Plaintiff has not presented any facts that create a genuine issue of material fact with regard to the Defendants' official or individual liability for a violation of the Plaintiff's First, Fifth, Eighth, or Fourteenth Amendment rights. Accordingly, the Court recommends that the Defendants' Motion [29] for Summary Judgment should be granted as to all of the Plaintiff's claims.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

SO ORDERED this the  14th  day of February, 2012.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE