IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALONZO AGEE                                                                          PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:11-cv-31HSO-JMR

KENNETH BROADUS and
MIKE BYRD                                                                       RESPONDENTS

**ORDER OVERRULING PETITIONER'S OBJECTION AND
ADOPTING REPORT AND RECOMMENDATIONS**

This cause comes before the Court on Plaintiff Alonzo Agee's Objection [37] to the Report and Recommendations [36] of Chief Magistrate Judge John M. Roper entered in this cause on February 14, 2012. Magistrate Judge Roper reviewed Defendants' Motion for Summary Judgment [29], and determined that the Motion should be granted. After review of the record, the Court, being fully advised in the premises, finds that Plaintiff's Objection should be overruled, and that said Report and Recommendations [36] should be adopted as the opinion of this Court.

I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations on a referred motion for summary judgment, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court is not required, however, to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United*

*States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). Where, however, a party fails to file specific objections to a magistrate judge's rulings, the district court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Federal Rule of Civil Procedure 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Rule 56(c), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other material; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c).

## II. DISCUSSION

Plaintiff filed his *pro se* Complaint [1] on January 24, 2011, asserting violations of his First, Fifth, Eighth, and Fourteenth Amendment rights by Defendants, in their individual and official capacities, in connection with injuries he sustained on January 7, 2011, while incarcerated in the Jackson County Adult Detention Center. Defendants moved for summary judgment on October 13, 2011. Mot. for Summ. J. [29].

In the Report and Recommendations [36], the Magistrate determined that

Plaintiff failed to present "any facts that create a genuine issue of material fact with regard to the Defendants' official or individual liability for a violation of the Plaintiff's First, Fifth, Eighth, or Fourteenth Amendment rights." Rep. and Rec. at p. 9.  Plaintiff does not refute the Magistrate's findings, but instead contends that Defendants filed their Motion without any discovery having been conducted, and requests he be given the opportunity to engage in discovery in order to prove his claims.  Obj. at p. 1.

Contrary to Plaintiff's assertions, the record reflects that the parties were given the opportunity to, and did, engage in discovery.  By Order [20] dated May 25, 2011, the Court directed that "***all discovery is to be completed 90 days from the time issue is joined by the filing of an answer.  All dispositive motions shall be filed 120 days from the time issue is joined by the filing of an answer***."  Order [20] (emphasis in original).  Plaintiff responded to this Order [20] on June 15, 2011.  Resp. to Order [23].  A Scheduling Order [25] was entered on June 24, 2011, providing that "all discovery shall be completed on or before <u>Tuesday, September 13, 2011</u>."  Order [25] (emphasis in original).  Defendants propounded discovery to Plaintiff on July 7, 2011.  Notices [26], [27].  The record is clear that Plaintiff was afforded the opportunity to engage in discovery, but elected not to do so.  The Court finds that additional discovery is not warranted.

After a thorough and exhaustive de novo review, the Court finds that the Magistrate Judge's Report and Recommendations are well reasoned, and correctly find the applicable facts and apply the governing legal standards.  Plaintiff's

Objection should be overruled.

### III. CONCLUSION

For the reasons stated herein, the Court will overrule Petitioner's Objection [37] and adopt the Magistrate Judge's Report and Recommendations [36] as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner's Objection [37] filed in this cause is **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [36] of Chief Magistrate Judge John M. Roper are adopted in their entirety as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [29] of Defendants Kenneth Broadus and Mike Byrd is **GRANTED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE